**UNITED STATES of America, Plaintiff,**

v.

**James Paul PULVIRENTI, Defendant.**

**Crim. A. No. 6–80002.**

United States District Court, E. D. Michigan, S. D.

Feb. 24, 1976.

---

,C. Stanley Hunterton, U. S. Dept. of Justice, Detroit, Mich., for plaintiff.

James E. Roberts, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

In a jury trial involving a charge of conspiracy to violate the civil rights of a witness under Title 18, Section 241, United States Code, and threatening and injuring a witness under Section 1503, the government requested production of certain defense witnesses' statements.

After demand by the government under Fed.R.Crim.P. 12.1, notice of alibi and the names of alibi witnesses and other appropriate information was served upon the government. In advance of trial, the government indicated to the court and the defendant that it would request to see, in advance of their testimony, statements taken by the defendant of these alibi witnesses pursuant to *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). During the trial and just prior to the defendant's calling the alibi witnesses, the government formally requested production of the statements. The defendant asserts that he should not be required to disclose them.

*Nobles* is very much in point, although not squarely so, on the facts. In *Nobles*, defense counsel attempted to impeach a prosecution witness by the testimony of a defense investigator. The court required that a copy of the investigator's report, edited by the judge *in camera* to remove irrelevant material, be disclosed to the prosecution prior to cross-examination. When this was refused the court declined to permit the witness to testify

about the interviews. The Court of Appeals reversed, holding that both the Fifth Amendment and Rule 16 prohibited the disclosure requirement. The Supreme Court reversed the Court of Appeals and upheld the right to require disclosure and upon refusal to prohibit the testimony of the witness. The Supreme Court specifically relied upon *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1956), to point out the inherent power to require production of previously recorded statements of witnesses so that "the full benefit of cross-examination" could be had and "the truth-finding process enhanced."

The court rejected the claim that disclosure would violate the Fifth Amendment, pointing out that the "privilege is a personal privilege" and that the information contained in the alleged statements did not come from the defendant. On this issue, *Nobles* and the case before this court are identical.

■ The court rejected the claim that Fed.R.Crim.P. 16 deprived the trial court of power to order disclosure, pointing out that Rule 16 covered pre-trial discovery only and that this would not "limit the court's power to order production once the trial has begun." Since *Nobles*, Rule 16 has been amended but it still covers only pre-trial discovery and does not limit the trial power of the judge.

Because the witness in that case was the investigator and the statement was his statement of his recollection of what others had said, the court faced and rejected the argument that the work product doctrine was involved. In the case before this court the investigator is not the witness and the statements requested are not those of the investigator but of the witness not in any way connected with the investigation or preparation of the case. What is requested is no more than what is required of the government in *Jencks v. United States, supra*, as modified by the Jencks Act, 18 U.S.C. § 3500.

If trials are to be searches for the truth, the parties need to have an opportunity to discover the facts, and this includes what witnesses at one time asserted were the facts. *Jencks* and the act that bears its name are aimed at giving the defendant statements of witnesses called by the government. The purpose, of course, is to prevent the witness from testifying contrary to the statement as a result of subsequent pressure or inducement without at least having the matter fully brought out in the open. This can only happen if, prior to their interrogation, both sides have copies of prior statements. The philosophy behind the rule applies with equal force to the defendant. The ability to check and to dispute testimony of defense witnesses is as important as was the contrary in *Jencks* and as limited by Congress in the Jencks Act. Procedures must be adopted that enhance truth at trial rather than stifle it. *Nobles* has opened the door to finding truth by equalizing the obligation to disclose statements of witnesses.

■ In this case the court is willing to excise any irrelevancies from the statements. This was held in *Nobles* to eliminate the charge of "fishing expedition." Preclusion of the testimony of a witness is an appropriate remedy where there was refusal to disclose the statements. *United States v. Nobles, supra.*

■ The final question arises as to what should be disclosed. The court is of the opinion that the obligation placed on the defendant should be the reciprocal of that placed upon the government. That obligation is defined by the Jencks Act. The Act requires disclosure after testimony and before cross-examination of written statements signed, adopted, or approved by the witness after he has read them or had them read to him, or substantially verbatim statements that were recorded in some way contemporaneously with the giving of the statement. This, it seems to the court, is a fair limitation on the obligation of the defendant.

It is therefore ordered that the defendant deliver to the court for editing out all irrelevancies, any statement as defined above, of witnesses listed on the list of alibi witnesses for which statements requested by the government had been made before the witness is called to testify. The court will turn the edited statements of a witness over to the government on completion of the direct examination of the witness. If the defendant refuses to produce statements which he acknowledges to be in existence, the witness will be prohibited from testifying. If a dispute exists as to the existence of such a statement, the court will determine its existence after taking evidence on the point.

So ordered.