**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Peter YOUNG, Jr., Defendant-Appellant.**

**No. 77-5047.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 16, 1977.
Decided Feb. 10, 1978.

James H. Crum, Crum, Weiss & Werner, Southfield, Mich. (Court-Appointed), for defendant-appellant.

James K. Robinson, U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Appellant William P. Young contends that the indictment upon which he was convicted should have been dismissed because the master jury wheel, from which the grand and petit jurors were selected, was not updated in accordance with the jury selection plan then in effect in the Eastern District of Michigan pursuant to the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq.

28 U.S.C.A. § 1867 (Supp. 1977) establishes the procedures for challenging jury selection on the ground of substantial noncompliance with the Act. Section 1867(a) provides as follows:

§ 1867. Challenging compliance with selection procedures

(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Section 1867(e) provides that the procedures prescribed in § 1867 shall be the exclusive means by which a defendant may challenge a jury on the basis of noncompliance with the Act.

■ Appellant did not raise this issue in the manner and time required by the statute. This contention was not presented in the district court at any stage of the proceedings and is argued for the first time on appeal. The failure of appellant to make a timely motion in the district court in the manner prescribed by the statute forecloses this question. The requirements of the statute are strictly enforced. *United States v. Kennedy*, 548 F.2d 608, 613 (5th Cir. 1977); *United States v. DeAlba-Conrado*, 481 F.2d 1266, 1269 (5th Cir. 1973); *United States v. Jones*, 480 F.2d 1135, 1139 (2d Cir. 1973).

■ We, therefore, hold that appellant has waived any right he may have had to contend that the master jury wheel was not properly updated. It is not necessary to reach the merits of this issue in the present case.

Young was convicted for conspiracy to import heroin into the United States in violation of 21 U.S.C. §§ 846 and 963. In addition to his attack on the jury, he contends: (1) that the superseding indictment, under which he was convicted, was invalid

because the grand jury deliberated for only a short time; (2) that the jury instruction on single and multiple conspiracies was improper; and (3) that the district court erred in denying his motion for severance. We find the first and second contentions to be without merit and reject the final contention on authority of *United States v. Grunsfeld*, 558 F.2d 1231, 1237–38 (6th Cir. 1977), *United States v. Mayes*, 512 F.2d 637, 645 (6th Cir.), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975), and Fed. R.Crim.P. 8(b).

The judgment of conviction is affirmed.