**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry W. TARNOWSKI and Kenneth B. Kush, Defendants-Appellants.**

Nos. 77–5378, 77–5379.

United States Court of Appeals, Sixth Circuit.

Argued June 7, 1978.

Decided Sept. 19, 1978.

As Amended Oct. 6, 1978.

Rehearing Denied Oct. 31, 1978.

Kenneth R. Sasse, F. Randall Karfonta, John W. Tapp, Detroit, Mich., for defendant-appellant in No. 77–5379.

Samuel E. McCargo, Riley & Roumell, Detroit, Mich. (Court Appointed—CJA), for defendant-appellant in No. 77–5378.

See also D.C., 429 F.Supp. 783.

James K. Robinson, U. S. Atty., Gordon S. Gold, F. William Soisson, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, MERRITT, Circuit Judge and BALLANTINE, District Judge.[*]

PHILLIPS, Chief Judge.

Tarnowski and Kush appeal from their conviction at a jury trial for possession of goods stolen from interstate commerce in violation of 18 U.S.C. § 659. We affirm.

## I.

Tarnowski contends that the indictment against him should have been dismissed because of the failure of the clerk of the district court to empty and refill the master jury wheel within the time limitations prescribed by the Jury Selection Plan for the Eastern District of Michigan under the Jury Selection and Service Act of 1968 (hereinafter Act), 28 U.S.C. § 1861 et seq.[1] The Act provides that each United States district court shall devise and place into operation a written plan for random selection of grand and petit jurors.[2] The plan for the Eastern District of Michigan origi-

nally provided for refilling the master jury wheel every four years. This plan was approved by the Circuit Council, sitting as a reviewing panel. In October 1973, the district court proposed a modification of the plan to provide for the emptying and refilling of the master jury wheel every two years instead of every four years. The modification likewise was approved by the Circuit Council, sitting as a reviewing panel as prescribed by the Act.

The clerk of the district court, without the knowledge or approval of any of the judges of the district, failed to empty and refill the master jury wheel at the end of two years as required by the amended plan. When the mistake was discovered by the district judges approximately one and one-half years later, the district court proposed an amendment to the plan providing for a return to the four year schedule for emptying and refilling the jury wheel, setting the effective date of the amendment back to October 19, 1973.

The Circuit Council, sitting as a reviewing panel, took the following action as reflected in its minutes of December 8, 1976:

"The Council considered a proposed amendment to the jury selection plan for

---

[*] Honorable Thomas A. Ballantine, Jr., Judge of the United States District Court for the Western District of Kentucky, sitting by designation.

1. Kush is precluded from making this contention because no timely objections were made on his behalf as required by 28 U.S.C. § 1867 (Supp.1977). His failure to raise the issue in the manner and time prescribed by the statute forecloses this question as to him. United States v. Young, 570 F.2d 152 (6th Cir. 1978).

2. 28 U.S.C. § 1863 provides:
   § 1863. Plan for random jury selection
   (a) Each United States district court shall devise and place into operation a written plan for random selection of grand and petit jurors that shall be designed to achieve the objectives of sections 1861 and 1862 of this title, and that shall otherwise comply with the provisions of this title. The plan shall be placed into operation after approval by a reviewing panel consisting of the members of the judicial council of the circuit and either the chief judge of the district whose plan is being reviewed or such other active district judge of that district as the chief judge of the district may designate. The panel shall ex-

amine the plan to ascertain that it complies with the provisions of this title. If the reviewing panel finds that the plan does not comply, the panel shall state the particulars in which the plan fails to comply and direct the district court to present within a reasonable time an alternative plan remedying the defect or defects. Separate plans may be adopted for each division or combination of divisions within a judicial district. The district court may modify a plan at any time and it shall modify the plan when so directed by the reviewing panel. The district court shall promptly notify the panel, the Administrative Office of the United States Courts, and the Attorney General of the United States, of the initial adoption and future modifications of the plan by filing copies therewith. Modifications of the plan made at the instance of the district court shall become effective after approval by the panel. Each district court shall submit a report on the jury selection process within its jurisdiction to the Administrative Office of the United States Courts in such form and at such times as the Judicial Conference of the United States may specify.

the Eastern District of Michigan. In October, 1973, the Eastern District of Michigan proposed a modification to its jury plan to provide for emptying and refilling of its master jury wheels every two years instead of every four years as provided for in its prior plan. That modification was approved by the Circuit Council, sitting as a Reviewing Panel pursuant to 28 U.S.C. § 1863, in October, 1973. Through an inadvertent failure on the part of the District Court Clerk's office, the modification was not implemented, and the master jury wheels were not emptied and refilled every two years as required by the District Court plan. A number of jury challenges have been filed in criminal cases because of the District Court's failure to follow its plan.

"The District Court proposed an amendment to its plan providing for a return to a four year cycle for emptying and refilling its master jury wheels, but setting the effective date of such an amendment to be retroactive to October 19, 1973. The proposed amendment was circulated for a mail vote of the Council on November 19, 1976. After receiving responses from a number of judges requesting an opportunity for discussion of the matter, Judge Phillips directed that the matter be placed on the agenda for the regularly scheduled Council meeting of December 8, 1976.

"Following extensive discussion of the proposed modification, the following resolution was unanimously adopted upon motion of Judge Edwards, seconded by Judge Peck:

"RESOLVED, that the proposed modification of the Plan of the United States District Court for the Eastern District of Michigan for the random selection of grand and petit jurors dated November 18, 1976, be approved, provided, however, that the effective date of approval by the Reviewing Panel, and of the Amendment, as provided in 28 U.S.C. § 1863(c), shall be December 8, 1976."

Tarnowski filed a timely motion in the district court to dismiss the indictment against him on the ground that the grand jury had not been selected in accordance with the plan. This motion was overruled by District Judge John Feikens in *United States v. Tarnowski,* 429 F.Supp. 783 (E.D. Mich.1977). A contrary conclusion was reached by another judge of the district court in *United States v. Coleman,* 429 F.Supp. 792 (E.D.Mich.1977).

■ Judge Feikens concluded that the 1973 voter registration lists used in the district court from 1973 to 1977 represented a fair cross section of the voters as required by the statute, that the nonfeasance of the clerk did not make the voter registrations an unfair cross section, and that there was no substantial failure to comply with the requirements of the Act.

Although this court does not condone the failure of the clerk to comply with the two year requirement of the district plan, we agree with the conclusion reached by Judge Feikens for the reasons stated in his published opinion. Reference is made to his opinion for a more complete recitation of the facts and issues on this question. 429 F.Supp. 783.

### II.

Appellants raise additional assignments of error which we likewise find to be without merit. Both Kush and Tarnowski assert that the district court erred in denying their motions for severance and in admitting certain evidence of prior similar acts. Kush further asserts that the district court erred in ordering defense counsel to produce and deliver to the government certain notes adopted and approved by a defense witness. Tarnowski further contends that the district court's findings with respect to the affidavit for a search warrant were insufficient and ambiguous and that the district court committed plain error in its instructions to the jury.

■ Appellants contend that the district court erred in denying their motions for severance. Rule 14, Fed.R.Crim.P. authorizes separate trials to avoid the undue

prejudice of a joint trial. This court has repeatedly held that a district court's denial of a severance is reversible only for an abuse of discretion. *See, e. g., United States v. Franks,* 511 F.2d 25, 30 (6th Cir.), *cert. denied,* 422 U.S. 1042, 95 S.Ct. 2654, 45 L.Ed.2d 693 (1975). Clearly, the denial of the motions for severance in this case did not constitute an abuse of discretion.

■ Appellants next assert that the district court erred in admitting the testimony of a government witness who testified concerning prior similar acts indicative of defendants' intent and knowledge that the goods in question were stolen. This contention is without merit in light of the decision of this court in *United States v. Semak,* 536 F.2d 1142 (6th Cir. 1976).

■ Kush contends that the district court erred in ordering defense counsel to produce and deliver to the Government certain notes adopted and approved by a defense witness. We find no error in the disclosure of this material under the facts of this case. *See United States v. Pulvirenti,* 408 F.Supp. 12, 14 (E.D.Mich.1976).

■ Tarnowski challenges the district court's findings with respect to ambiguities in the affidavits for the search warrant and urges that the case must be remanded for further findings. This contention is without merit. The district court heard evidence and ruled that the affidavit was not substantially incorrect. We hold that the conclusion is supported by the record. We note that subsequent to oral argument in this case, the Supreme Court in *Franks v. Delaware,* —— U.S. ——, 98 S.Ct. 2674, 2685, 57 L.Ed.2d 667 (1978), articulated the relevant standards for the impeachment of affidavits for search warrants as follows:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth Amendment, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

Under the standards of *Franks,* we find no error in the finding of the district court and hold that further evidentiary hearings are unnecessary.

Finally, Tarnowski contends that portions of the charge to the jury constituted plain error. We find no error in the instructions to the jury.

Affirmed.