831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arkmael Ray SALES, Plaintiff-Appellant,
v.
Chris BEESLER, Guard, et al., Defendants-Appellees.
 No. 87-3137.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1987.
 
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for transcript at government expense, record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Sales initiated a complaint against employees and officers at the Southern Ohio Correctional Institution. The district court dismissed the complaint. On appeal, this court affirmed the judgment in part and reversed and remanded the decision as to defendant Beesler because it appeared that Beesler, a guard, may have exhibited deliberate indifference to Sales' risk of injury by allowing more than one person on the block which resulted in an attack upon Sales. on remand, a jury verdict was entered for the defendant.
 
 
 3
 Numerous claims of district court error have been presented by Sales on appeal. Sales attempted to present evidence in the district court that there was a pattern of unchecked violence in the institution and that he requested protective custody from the institution 18 days prior to the assault but instead was placed in administrative segregation. Such testimony was properly excluded by the district court because it was not relevant as to the only issue of whether Beesler exhibited deliberate indifference.
 
 
 4
 Sales also argues that the district court improperly denied the introduction of Kenny Boggs' deposition or testimony into the record. This court could find nothing in the record to support Sales' assertion that he requested that Boggs be one of his witnesses. The deposition which he sought to be considered by the jury was not filed with the district court. Sales sought to support his testimony and the testimony of Cowan on rebuttal that there were two inmates on the block at the time Sales' door was opened and Cowan's rebuttal testimony that Beesler asked that nothing be said about Cowan being on the block at the time of the assault. Such testimony, even if given, would have been cumulative and could have been properly excluded by the district court. Fed. R. Evid. 403; Geders v. United States, 425 U.S. 80, 87 (1976).
 
 
 5
 Sales ' final argument that the jury was not a fair cross section of the community because only one black was included in the prospective jurors is without merit. No challenge as to jury selection was made in the district court as required by 28 U.S.C. Sec. 1867(c). Requirements of the statute are stricly enforced. United States v. Young, 570 F.2d 152 (6th Cir. 1978).
 
 
 6
 It is ORDERED that the motion for transcript at government expense be denied because such transcript is not necessary for the determination of the merits of the issues presented on appeal and that the judgment of the district court be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.