**UNITED STATES of America, Plaintiff,**

v.

**Paul Lee DUNCAN, Daniel Curtis Graham, James E. Stelts, Defendants.**

**No. CR-3-87-59.**

United States District Court, S.D. Ohio, W.D.

April 27, 1988.

Order of Amendment April 28, 1988.

---

James A. Wilson, Sr. Asst. U.S. Atty., Dayton, Ohio, for plaintiff.

John Frazier Jackson, Columbus, Ohio, for defendant Duncan.

Lawrence J. Greger, Dayton, Ohio, for defendant Graham.

Michael F. O'Loughlin, Dayton, Ohio, for defendant Stelts.

DECISION AND ENTRY ON TWO PRO-
   CEDURAL MOTIONS, ONE EACH
   INVOLVING FED.R.EVID. 611(c) and
   FED.R.CRIM.P. 26.2

RICE, District Judge.

This case is before the Court on the Motion of all Defendants:

1) to allow interrogation by leading questions (cross examination) on the examination of law enforcement officials (local, state or federal) when said officials have been called to the witness stand by a Defendant, upon the theory that, pursuant to

Fed.R.Evid. 611(c), said witnesses are either hostile by virtue of their law enforcement affiliation, an adverse party *or* a witness identified with an adverse party; and

2) to allow one Co–Defendant, in cooperation with another Co–Defendant, to invoke Rule 26.2(a)[1] of the Federal Rules of Criminal Procedure to compel production of the official report of a law enforcement official (local, state or federal) when that law enforcement official is called as on direct or as on cross examination by that other Co–Defendant.

For reasons set forth below, the Motion of the Defendants to Invoke Federal Rule of Evidence 611(c) is granted and the Motion of the Defendants to Invoke Federal Rule of Criminal Procedure 26.2(a), under the particular circumstances herein described, is denied.

### A. *Federal Rule of Evidence 611(c)*

■ Rule 611(c) permits the use of leading questions on direct examination of a "witness identified with an adverse party" without any requirement of a showing of hostility. The rule has been used in civil trials to allow a plaintiff's attorney to use leading questions in the direct examination of two non-defendant police officers because they "clearly qualified as witnesses identified with an adverse party"—both with the defendant City of Chicago through their employment by the City and with a defendant fellow police officer through their working relationship with him. *Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir.1981) (civil rights action).

The Committee on the Judiciary noted that Fed.R.Evid. 611(c) was amended by deletion of a reference therein to civil cases "to reflect the possibility that in criminal cases a Defendant may be entitled to call witnesses identified with the government, in which event ... the defendant should be permitted to inquire with leading questions." H.R.Rep. No. 650, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 7051, 7075, 7086. The Sixth Circuit asserted in a criminal case, prior to the passage of the amendment, that a government agent's "interests ... could safely be assumed to be adverse to those of the defendant." *United States v. Bryant,* 461 F.2d 912, 917 (6th Cir.1972). The Court concluded that a government agent called by the defense as a witness, "will not be predisposed to accept suggestions offered by defense counsel's questions," *id.* at 919, and held that absent a positive showing by the government that the witness was not hostile or biased, "defense counsel should be permitted to lead such a witness."

This Court concludes that the use of leading questions in direct examination of a law enforcement official by the defense is philosophically supportable based on the reasoning of the Sixth Circuit in *Bryant,* that Fed.R.Evid. 611(c) is applicable in criminal trials, and that a law enforcement official or other investigating agent (regardless of whether he or she be a local, state or federal officer) may qualify as a witness identified with an adverse party in an action brought by the Government against criminal defendants, absent a positive showing by the Government that the witness is not hostile, biased or so identified with the adverse party that the presumption of hostility which is the cornerstone of Fed.R.Evid. 611(c) should not be indulged.[2] Therefore, *Defendants' Motion*

---

1. Rule 26.2(a) of the Federal Rules of Criminal Procedure provides:

   After a witness other than the defendant has testified *on direct examination, the court, on* motion of a party who did not call the witness, shall order the attorney for the government or the defendant and the defendant's attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

2. Obviously, in a prosecution by the United States Government or one of its agencies, a federal government official or agent will automatically be both an adverse party (as an agent thereof) and a witness identified with an adverse party. Should the Government wish to contest the Defendant's use of Rule 611(c), local and state (as opposed to federal) law enforcement officials may or may not be ultimately deemed hostile or a witness identified with an adverse party, depending upon their degree of involvement with the operative facts of the inci-

to Invoke Rule 611(c) in direct examination of police officers and government agents is granted.

### B. Federal Rules of Criminal Procedure 26.2

Rule 26.2(a) of the Federal Rules of Criminal Procedure provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the government or the defendant and the defendant's attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

The statute embodying the rule was enacted, among other things, "to place in the criminal rules the substance of ... 18 U.S.C. § 3500 (the Jencks Act)." Notes of the Advisory Committee on Rules, S. 1437, 95th Cong. 1st Sess. (1977). Thus, the Court will refer to case law addressing the Jencks Act, which provides for the production of statements of government witnesses, in deciding questions under Rule 26.2. One issue before this Court, much litigated under Rule 26.2 and the Jencks Act, is whether a police report in whole or in part —and particularly interview notes or reports of third-party witnesses contained within the police report—may constitute a "statement" which is subject to production.

The government suggests that the Sixth Circuit case, *United States v. Nathan*, 816 F.2d 230 (6th Cir.1987), controls the disposition of this issue.

*United States v. Nathan*, addressed the question of whether notes and reports of an F.B.I. agent of interviews with the defendant and third-party government witnesses were producible under the Jencks Act either as statements of the third-party witnesses or of the agent. *Nathan* at 236–238. The Court held that despite the agent's testimony that she had accurately summarized the witnesses' statements, be-cause "the notes were never shown, read or explained to the witnesses, they were never adopted as a statement" and thus not producible as statements of the witnesses under the Jencks Act. *Nathan* at 237.

In determining whether the agent's report or notes were producible as statements of the agent, the Court noted that the agent's report of the interview with the defendant had been produced prior to trial, expressed some doubt that the agent's notes of the third-party witnesses related to the subject matter of her testimony, and expressed greater doubt that the mere recording of "questions and brief notations of answers" constituted statements under the Jencks Act, where the report stated clearly that it contained "neither recommendations or conclusions of the FBI." *Nathan* at 238. The Court concluded that even if the notes were statements producible under the Jencks Act and even if the trial court judge had abused his discretion in not ordering their production, "the error, if any, was harmless after consideration of the abundant proof of defendant's guilt in the record." *Nathan* at 238.

While this Court finds the considerations articulated by the Sixth Circuit instructive, it does not believe that *Nathan* can be read to answer definitively the question of whether, or under what circumstances, a police or government agent's report may be a statement of the officer or agent or of a third party witness producible under either the Jencks Act or Fed.R.Crim.P. 26.2.

The Sixth Circuit had previously held that an FBI agent's report was not producible under the Jencks Act where the agent's testimony was limited to statements made by a third-party witness and the statements of the witness had themselves already been produced. *United States v. Nickell*, 552 F.2d 684 (6th Cir.1977). Relying on *Nickell*, the Sixth Circuit also held that in a case where "there was no basis for belief that a Jencks Act statement existed other than those already furnished defense counsel," an IRS agent's case file was not his "statement" and need not be examined *in*

dent(s) being presented and/or the prosecution itself.

*camera* to see whether it contained Jencks materials. *United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir.1979).

This Court agrees with the First Circuit's conclusion that *Nickell* and *Dark* do not stand for the proposition that officers' and agents' reports or files can never constitute material producible under the Jencks Act, but rather for the proposition that defendants are not entitled to production or examination of "material they *hope* might contain Jencks material." (Emphasis added). *United States v. Del Toro Soto*, 676 F.2d 13, 16 (1st Cir.1982). The Court found in *Del Toro Soto* that a postal inspector's investigation report was a statement under the Jencks Act where the inspector testified extensively about his investigation and, for impeachment purposes, where the defense would need to know of any conflict between the inspector's testimony and his report. *Del Toro Soto* at 16. The Court remanded the case to the district court for *in camera* inspection of the report to determine what portions if any related to the subject matter of his testimony. *Del Toro Soto* at 17.

The United States Supreme Court has held that the prosecution in a criminal case had a right to disclosure of a defense investigator's report, absent privilege or other compelling reasons for non-disclosure, to the extent that it related to the subject matter of the investigator's testimony, because it "was highly relevant to the critical issue of credibility." *United States v. Nobles*, 422 U.S. 225, 232, 95 S.Ct. 2160, 2167, 45 L.Ed.2d 141 (1975).

In a concurrence to a Supreme Court case (wherein a lawyer's notes of an interview with a witness were producible as statements of the witness when they had been read back to and approved by him), Justice Stevens asserted that "[t]he statutory definition of the term 'statement' was intended by Congress to describe material that could be fairly used to impeach the testimony of a witness." *Goldberg v. United States*, 425 U.S. 94, 112, 96 S.Ct. 1338, 1349, 47 L.Ed.2d 603 (1976).

▇▇▇ This Court concludes that where material in a report or file compiled by a government agent or officer is so related to the subject matter of his testimony that the material is clearly relevant to his credibility and could be fairly used to impeach him should there be a conflict, that material may be producible as a statement of the agent under the Jencks Act and, correspondingly, under Fed.R.Crim.P. 26.2. Furthermore, insofar as he testifies to statements made by a third party and in his file or report, he has included notes or other recordation of the third-party statements to which he testifies, those notes or other recordation may be producible as statements of the agent under the Jencks Act, consistent with the Sixth Circuit's holding that a witness' statement of a defendant's confession to the witness was a statement of a witness under the Jencks Act. *United States v. Wilkerson*, 456 F.2d 57 (6th Cir.1972).

The extent to which material is producible depends on the extent to which it is related to the subject matter of the testimony to which "a witness ... has testified on direct examination," determination of which is to be made by the Court. *Goldberg v. United States*, 425 U.S. 94, 108, 96 S.Ct. 1338, 1347, 47 L.Ed.2d 603 (1976). In determining the extent to which material is producible, the Court must bear in mind that the purpose of the Jencks Act is both to "require disclosure of all statements for use in impeaching witnesses ... to further the fair and just administration of criminal justice" (Goldberg at 107) and to define limits of disclosure so as to prevent the "expos[ure of] government files in criminal prosecutions to blind fishing expeditions." *United States v. Pope*, 574 F.2d 320, 324 (6th Cir.1978); *see also Goldberg* 425 U.S. at 104, 96 S.Ct. at 1344–45.

This Court notes, thus, that the Jencks Act ensures balance in the adversarial system by providing the defense a fair opportunity to test the credibility of testimony offered by the government, through its witnesses, to support the government's case, while protecting the integrity of government files. Fed.R.Crim.P. 26.2 was similarly intended to ensure balance in the adversarial system by imposing upon the defense

the same obligation to disclose statements of witnesses whose testimony is offered to support the defendant's case as is imposed upon the government under the Jencks Act. Notes of Advisory Committee on the Rules, § 1437, 95th Cong., 1st Sess. (1977). *See also United States v. Nobles*, 422 U.S. 225, 230–33, 95 S.Ct. 2160, 2166–67, 45 L.Ed.2d 141 (1975) and *United States v. Pulvirenti*, 408 F.Supp. 12, 14 (E.D.Mich. 1976) (both cited in the Committee Notes).[3]

The circumstances in which Defendants seek to invoke Rule 26.2 in this Court are far removed from those contemplated by Congress in enactment of Rule 26.2 or the Jencks Act. The specific witness in question has been called by a defendant, but is a state law enforcement official identified with the government so as to be classified either as an adverse party, or a witness identified with an adverse party, under Fed.R.Evid. 611(c). In this case, the party seeking to invoke Rule 26.2 is not the party calling the witness and does not seek production of the witness' statements in order to challenge testimony offered in support of any defendant's case (i.e. to impeach); rather, the party seeking to invoke the rule is a co-defendant. Both Defendants (the Defendant initially calling the witness and the Co–Defendant who did not call the witness and who has moved for production of the witnesses' "statement" following the testimony of that witness in response to the calling Defendant's questions) seek production of materials that they were unable to obtain through the rules of discovery,

through the traditional usage of the Jencks Act and/or Fed.R.Crim.P. 26.2 *or* when the witness was called by the Co–Defendant to testify in his behalf. Discovery rather than impeachment appears to be the gravamen of the Defendants' requests.

There might be circumstances in which one co-defendant would call a witness to testify in support of that co-defendant's case and another co-defendant's interests with respect to that testimony would be sufficiently adverse that the second co-defendant would wish to impeach the witness called in behalf of the first.[4] The Court makes no conclusion about the propriety of invoking Rule 26.2 in such circumstances. In this case, the relationship between the parties, with respect to their efforts to invoke the rule, is cooperative rather than adversarial.

It is true that Rule 26.2(a) does not speak in terms of a motion by an adverse party, but rather in terms of "a party who did not call the witness." This language was selected specifically to make the rule applicable "when the witness is called neither by the prosecution nor the defense but by the Court pursuant to the Federal Rules of Evidence." Notes by the Advisory Committee on Rules. § 1437, 95th Cong. 1st Sess (1977).

It appears to this Court that to allow co-defendants to invoke Rule 26.2 in a cooperative effort would contravene the spirit of the language "party who did not call the witness."[5] It further appears that to al-

---

**3.** As previously suggested by the Court, the scope of the material producible under the Jencks Act, and accordingly under Rule 26.2, is frozen as of the close of the direct examination of a witness. The scope of producible material is not broadened by testimony elicited from that witness on cross examination. The Court will examine *in camera* a transcript of the direct examination of a witness whose testimony has been the subject of a motion for production under the Jencks Act or Rule 26.2 and will also examine *in camera* the written statements at issue to determine whether the entire statement or a portion or portions thereof are "relate[d] to the subject matter concerning which the witness has testified" so as to be producible.

**4.** This Court can envision circumstances, for example, in which a co-defendant would call on direct examination a law enforcement official

whose testimony would tend to clear that co-defendant of a certain allegation while impugning another co-defendant.

**5.** To the extent that the Court may have earlier suggested that a cooperative approach might be used to obtain production of material under Rule 26.2 and to the extent that defense counsel may have acted on such suggestion in calling and examining witnesses, the Court believes that no prejudice to Defendants has been effected. The scope of producible material with respect to a witness was defined at the close of the Government's direct examination. While the calling and examination of the witness by defense counsel could not broaden the scope of producible material, neither could it result in the curtailment of the scope of producible material. In addition, the Court will conduct the *in*

low co-defendants to invoke the rule with respect to a law enforcement official who has been involved in the prosecution of the case and against whom the defense is entitled to use leading questions on direct examination under Fed.R.Evid. 611(c) is to run some risk of the "fishing expedition" into government files that the Jencks Act (and, accordingly, defense use of Rule 26.2) was intended to prevent. *United States v. Pope,* 574 F.2d 320, 324 (6th Cir.1978). The defense might well elicit testimony and move for production of related statements that would be relevant to the case as a whole, particularly in a broad RICO case like the one now before the Court, but that would not be necessary to give Defendants a fair opportunity to test the credibility of specific testimony offered by the government in support of its case. While such a result might in no way endanger the fair and just administration of justice, this Court concludes that use of Rule 26.2 to produce that result is not within the spirit of the law. Accordingly, Defendants' Motion to Invoke Rule 26.2 in the particular circumstances described herein is overruled.

### ORDER OF AMENDMENT

ENTRY AMENDING APRIL 27, 1988, DECISION AND ENTRY ON TWO PROCEDURAL MOTIONS IN ORDER TO INCORPORATE A BRIEF DISCUSSION OF RULE 12(i) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

On April 27, 1988, the Court filed its Decision and Entry on Two Procedural Motions. The Court will now amend that Decision and Entry to incorporate a brief discussion of Rule 12(i) of the Rules of Criminal Procedure. Rule 12(i) provides:

(i) Production of Statements at Suppression Hearing. Except as herein provided, rule 26.2 shall apply at a hearing on a motion to suppress evidence under subdivision (b)(3) of this rule. For purposes of this subdivision, a law enforcement officer shall be deemed a witness

called by the government, and upon a claim of privilege the court shall excise the portions of the statement containing privileged matter. (As amended Apr. 22, 1974, eff. Dec. 1, 1975; July 31, 1975, Pub.L. 94–64, § 3(11), (12), 89 Stat. 372; Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 9, 1986, eff. Aug. 1, 1987.)

■ The Court concurs that where a Defendant has called a law enforcement officer to testify in its behalf, that witness will be deemed a witness of the government and written statements of that witness in the possession of the government *are* producible, insofar as they relate to the subject matter of his testimony and are thus necessary to a party—including a co-defendant who did not call the witness—for impeachment purposes. Thus, the requirement in Fed.R.Crim.P. 26.2 that the motion for production be made by "a party who did not call the witness" is modified by 12(i) so as not to *automatically* preclude a defendant who has called a law enforcement officer from making a motion pursuant to Rule 26.2 with respect to the testimony of that officer.

The Court maintains, however, that the rule has no bearing on the particular circumstances of this hearing—a cooperative effort by co-defendants involving the calling of a law enforcement officer by one co-defendant, not so much to testify in that defendant's behalf to advance that defendant's case (as is the traditional purpose of direct examination), but in substance as cross examination (under Fed.R.Evid. 611(c) a defendant may use leading questions on direct examination of an adverse party) without the limitations in scope attendant to cross examination; at which time the other co-defendant requests production of statements related to the subject matter of the testimony, to obtain material *potentially* useful to impeach government testimony not yet offered by the government in behalf of its position on the motions at issue at that time.

This is not to say that there might not be circumstances in which a defendant would call a law enforcement officer to testify in

---

*camera* examination as required by law. If however, any defense counsel can demonstrate

prejudice to his client, that should be brought to the attention of the Court.

that defendant's behalf and unexpectedly elicit testimony, adverse to that defendant, which is directly relevant to the facts at issue in the pretrial hearing. The Court believes that Rule 12(i) would permit production, under Fed.R.Crim.P. 26.2, of statements directly relating to that testimony. Again, this would serve to maintain balance in the adversarial system, with consideration for the sometimes disadvantageous position of a defendant. However, the circumstances now before this Court involve an attempt to extend use of Fed.R.Evid. 611(c) and Fed.R.Crim.P. 26.2 not only to allow Defendants to fairly meet evidence offered against them at the pretrial motions hearings but as discovery tools for the upcoming case on the merits. This is not within the spirit of the rules. The Court maintains that Defendants are protected, as they are entitled to be, by having the Court examine *in camera* both the testimony offered against them on direct examination of a witness (whether through a transcript or through the Court's notes) and written statements of the witness relating to the subject matter of that direct testimony to determine what material must be produced for them.

Accordingly, Defendants' motion to utilize Fed.R.Crim.P. 26.2 in the manner discussed in the Court's April 27, 1988 decision is, subject to the opinions expressed in this Entry, overruled.