UNITED STATES of America

v.

Francis J. SALEMME, et al.;

UNITED STATES of America

v.

John MARTORANO.

Cr. Nos. 94–10287, 97–10009.

United States District Court,
D. Massachusetts.

June 27, 1997.

Anthony M. Cardinale, Boston, MA, for Robert P. Deluca.

MaryEllen Kelleher, Law Office of Richard Egbert, Law Office of Richard Egbert, Boston, MA, Anthony M. Cardinale, Boston, MA, for Francis P. Salemme, Sr.

Kenneth J. Fishman, Bailey, Fishman & Leonard, Boston, Ma, Richard M. Egbert, Boston, MA, for Stephen J. Flemmi.

Sean E. Curran, Manchester, NH, for George Kaufman.

Michael C. Bourbeau, Boston, MA, Robert A. George, Boston, MA, Paul J. Haley, Law Office of Paul J. Haley, Hillsborough, NH, for James M. Martorano.

Martin G. Weinberg, Oteri, Weinberg & Lawson, Boston, MA, Anthony M. Cardinale, Boston, MA, for John V. Martorano.

Fred M. Wyshak, Jr., U.S. Attorney's Office, Boston, MA, for U.S.

*ORDER*

WOLF, District Judge.

On June 18, 1997, Angelo "Sonny" Mercurio responded to an inquiry by the court and acknowledged that he was cooperating with the government in connection with the October 29, 1989 La Cosa Nostra induction ceremony he attended at 34 Guild Street, Medford, Massachusetts that was electronically surveilled. On June 20, 1997, the Acting Deputy Attorney General ("ADAG"), Seth P. Waxman, responded to the court's Orders by stating that Robert Donati had not been a confidential source of information for any agency, attorney or agent of the Department of Justice. While defendants continue to believe that the Department of Justice may have received information from Donati that was relevant to the October 27, 1989 application for a roving bug through a state law enforcement agency, they correctly agree that their June 4, 1997 motion that Mr. Waxman be held in civil contempt for his failure to respond to the court's Orders to disclose whether Mercurio and/or Donati was an informant for the Department of Justice is now moot. This conclusion is, however, subject to the usual duty the ADAG has to supplement his prior response concerning Donati if the Department of Justice learns that it was inaccurate.

As stated during the ongoing hearings, recent developments have caused the court to defer addressing the motion to suppress the December 11, 1991 electronic surveillance conducted at the Hilton Hotel. Thus, no action is now being taken on defendants' motion that Mr. Waxman be held in civil contempt to the extent that it relates to that electronic surveillance.