## In re APPLICATION FOR INTER-CEPTION OF WIRE COM-MUNICATIONS.

### No. 98–10074–WGY.

United States District Court,
D. Massachusetts.

April 30, 1998.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

The United States moves for reconsideration of this Court's order authorizing the interception of wire communications pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90–351, 82 Stat. 211 (codified as amended at 18 U.S.C. §§ 2510–2521). Specifically, the United States objects to the following terms entered into the margin of the Order:

> This order is entered on the express representation that there are no other informants presently known to the government knowledgeable of the matters contained herein. If that representation is inaccurate, this order is of no force and effect.

This memorandum will serve to amplify and clarify the Court's order. Because the investigation in question is ongoing and the record sealed, this discussion necessarily will omit any reference to specific facts; the Court's general characterization of the case must suffice. To the extent the Motion to Reconsider seeks clarification of the Court's order, that motion is hereby granted. To the extent, however, that the motion seeks the deletion of the quoted sentences, it is denied for the reasons stated herein.

In an application for an order authorizing the interception of wire communications, the United States must demonstrate to the satisfaction of the issuing court, *inter alia*, that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). Toward this end, the United States is required to submit as part of its application "a full and complete statement as to whether or

not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). Unlike some other provisions of Title III,[1] "the government's statutory obligation to make a 'full and complete statement' concerning the necessity of the powerful but intrusive weapon that electronic surveillance constitutes is unqualified; the government is obligated to inform the court of all of its information on this issue." *Salemme*, 978 F.Supp. at 348. In this District, that obligation includes a duty to obtain and disclose any information in the possession of the relevant federal agencies participating in the investigation. *See id.; cf. United States v. Mastroianni*, 749 F.2d 900, 909–10 (1st Cir. 1984) (stating affiant "should have made a final check with all agencies involved in the investigation before submitting his affidavit"). .

▮ In reviewing the government's application, this Court has been satisfied by the affiant's representations regarding the necessity of the order requested, and nothing in this discussion should be read to suggest otherwise. Likewise, the affidavits submitted in support of the present Motion for Reconsideration are all entirely satisfactory. Nevertheless, the Court adheres to the language of its original order.

Although there has been no suggestion, nor does the Court harbor any suspicion, that either the affiant or anyone connected with this investigation has been anything other than forthright in the preparation of this application, recent events in this District give this Court pause when reviewing applications such as this one. It has come to light in an unrelated prosecution now pending before another judge of this District that the government failed to reveal the existence of confidential government informants in its application to intercept and record wire communications.[2] As that court has observed, "[a]pplications which are later found to be incomplete or materially misleading regarding the necessity for electronic surveillance may result in the suppression of intercepted communications." *Salemme*, 978 F.Supp. at 348. With a caution born out of these revelations, the Court predicated its own order in this case on the representation that the United States had no knowledge of undisclosed informants in a position to assist this investigation.

The Court is mindful of and sensitive to the enormous administrative difficulties involved in ascertaining the existence of potential informants employed by various agencies within the government, as well as the attendant danger both to the informants and to law enforcement personnel. Accordingly, the demands made by the Court are not designed to exhaust every avenue of inquiry or eliminate every possibility of error. It is enough that the government agent who applies for the order has made "a reasonable, good faith effort to run the gamut of normal investigative procedures before resorting to means so intrusive as electronic interception of telephone calls." *United States v. Hoffman*, 832 F.2d 1299, 1306–07 (1st Cir.1987). The United States may not, however, "recklessly remain ignorant" of its own informants, *United States v. Sullivan*, 586 F.Supp. 1314, 1318 (D.Mass.1984), nor may it file and support this application as though the right hand knows not what the left hand does. This means not only that the affiant must conduct

---

1. For example, the government must show probable cause by making "a full and complete statement of the facts and circumstances *relied upon by the applicant.*" 18 U.S.C. § 2518(1)(b) (emphasis added). This provision allows the government to reveal less than all of its information, so long as the application does not mislead the court. *See United States v. Ferrara*, 771 F.Supp. 1266, 1306–07 (D.Mass.1991). In like manner, the government must disclose its prior applications for electronic surveillance of the same persons or places, but need only reveal facts "known to the individual authorizing and making the application." 18 U.S.C. § 2518(1)(e); *see United*

*States v. Salemme*, 978 F.Supp. 343, 348 (D.Mass.1997).

2. For a more detailed exposition of the events and circumstances surrounding the prosecution and the informants involved, see generally *United States v. Salemme*, 978 F.Supp. 364 (D.Mass. 1997); *United States v. Salemme*, 978 F.Supp. 375 (D.Mass.1997); *United States v. Salemme*, 978 F.Supp. 379 (D.Mass.1997); *United States v. Salemme*, 978 F.Supp. 386 (D.Mass.1997); *United States v. Salemme*, 978 F.Supp. 390 (D.Mass. 1997).

the kind of thorough inquiries that the agents in this case have conducted, but further, that the federal officials of whom they inquire must make commensurate efforts to assure the accuracy of the information they supply.[3]

By explicitly making its order contingent on good faith compliance by all of the government agents who have contributed information to the instant application, the Court articulates a legal standard that is perhaps more rigorous than the one followed by reviewing courts. As the government correctly notes, the First Circuit has declined to suppress electronic surveillance evidence because of undisclosed information known to the government as a whole, but unknown to the individual affiant. *See Mastroianni,* 749 F.2d at 908–10; *cf. United States v. Zannino,* 895 F.2d 1 (1st Cir.1990) (holding that failure to disclose prior state wiretap application did not warrant suppression of evidence because affiant had no knowledge of these applications). This discrepancy has not escaped the Court's notice, nor does it in any way impair the validity of the Order.

■ This Court has an independent duty to determine whether the government's prior efforts using less intrusive means have been adequate to satisfy the statute. *See United States v. Cole,* 807 F.2d 262, 267 (1st Cir. 1986); *United States v. Scibelli,* 549 F.2d 222, 226 (1st Cir.1977). In contrast, the role of the reviewing court "is not to make a de novo determination of sufficiency as if it were a district judge [granting the application], but to decide if the facts set forth in the application were *minimally adequate* to support the determination that was made." *See United States v. Ashley,* 876 F.2d 1069, 1073 (1st Cir.1989) (quoting *Scibelli,* 549 F.2d at 226) (emphasis added); *see also Cole,* 807 F.2d at 268. The business of a reviewing court, whether a district court hearing a motion to suppress or a circuit court on appeal, is to establish a floor below which the issuing court may not descend. That floor in no way hinders an issuing court's efforts to provide better than minimally adequate justice in the first instance. *See United States v. Houlihan,* 887 F.Supp. 352, 365 n. 26 (D.Mass.1995) (discussing the "fairness floor" in connection with evidentiary ruling).

The independent determination by a judicial officer—rather than by a law enforcement officer—of the necessity of electronic surveillance undergirds the very constitutionality of Title III. Indeed, it is this independent judicial assessment that ensures that electronic surveillance is consistent with the dictates of the Fourth Amendment. *Salemme,* 978 F.Supp. at 348–49; *cf. Steagald v. United States,* 451 U.S. 204, 212–14, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). The Court's order makes it clear, without impugning the integrity of the individual agents making this application, that it will not tolerate the willful or reckless submission of misleading or incomplete information in support of an application to conduct electronic surveillance. The government will not have met its burden of justifying this intrusive technique, unless its agents have been candid with one another and with the Court. The Court's order further puts the United States on notice that, should the Court come to learn of any deception in this regard, its order allowing such an application will have no force or effect. The motion to strike the handwritten margin language is DENIED.

SO ORDERED.

---

**3.** The Court rejects the suggestion in *United States v. Dorfman,* 542 F.Supp. 345, 373 (N.D.Ill.), *aff'd, sub nom. United States v. Williams,* 737 F.2d 594 (7th Cir.1984), relied on by the government, that "[t]he test ... is not the state of the mind of 'the government,' but the state of mind of the affiant." This Court treats the affiant as a representative of the United States government as to the activities of any of its agents, whether or not the affiant has been made aware of those activities. When the federal government is investigating and prosecuting criminal activity, it "should be viewed as a unitary whole." *United States v. Owens,* 933 F.Supp. 76, 86 (D.Mass.1996).