US v. Santana                                CR-02-045-JD  09/06/02
                  UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                                Criminal No. 02-45-01-JD
                                          Opinion No. 2002 DNH 164
Nelson Santana


                              O R D E R


     The defendant, Nelson Santana, moves to suppress the

contents of telephone communications intercepted pursuant to

three court orders issued under Title III of the Omnibus Crime

Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-22, and

all evidence obtained from the interceptions.  Santana also

requested a Franks hearing to address an inaccuracy in the

affidavit submitted in support of the April 27, 2001, wiretap

application.[1]  The government objects to Santana's motion.


A.  Standing

     As a preliminary matter, the government asserts that Santana

lacks standing as to two of the three wiretap orders.  The

government contends that because Santana was not a listed

interceptee and no communications to or from Santana were

intercepted pursuant to the court's orders issued on February 22

_____

     [1]See Franks v. Delaware, 438 U.S. 154 (1978).

and March 27, 2001, Santana lacks standing to move to suppress evidence obtained from interceptions authorized by those orders. Santana moves to suppress pursuant to both the Fourth Amendment and Title III, 18 U.S.C. § 2518(10)(a).

"Fourth Amendment rights are personal, and a proponent of a motion to suppress must prove that the challenged governmental action infringed upon his own Fourth Amendment rights." United States v. Kimball, 25 F.3d 1, 5 (1st Cir. 1994). Under Title III, any "aggrieved person . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom . . . ." 18 U.S.C. § 2518(10)(a). "'[A]ggrieved person' means a person who was a party to any intercepted wire, oral or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11). Under either the Fourth Amendment or § 2510(11), only a person whose conversations or communications were intercepted or who had conversations of others intercepted from his premises has standing to challenge the legality of the wiretap. See United States v. Cruz, 594 F.2d 268, 273 (1st Cir. 1979); United States v. Salemme, 91 F. Supp. 2d 141, 382-83 (D. Mass. 1999), rev'd in part on other grounds, 225 F.3d 78 (1st Cir. 2000).

In this case, it appears to be undisputed that no

2

conversations or communications to which Santana was a party were intercepted pursuant to the wiretap orders of February 22 or March 27. Santana's conversations with Alfred Nickerson, whose telephone was the target of the April 27 wiretap order, were intercepted on May 7 and May 9. Therefore, Santana only has standing to challenge evidence obtained pursuant to the April 27 order.

B. <u>Franks Hearing</u>

Santana requested a <u>Franks</u> hearing to address a statement in the affidavit submitted in support of the April 27 application. New Hampshire State Trooper Robert L. Quinn is the affiant. The disputed statement involves surveillance at an address in Nashua, New Hampshire, that is identified as the home of Santana's ex-wife. The apartment number stated in the affidavit, however, is incorrect.

A hearing was held on September 4, 2002. The court heard the testimony of witnesses and argument of counsel, and the surveillance notes at issue were submitted in evidence. The court has also carefully considered the parties' memoranda and exhibits. Although the record shows that the surveillance and communication of information from the surveillance was not done with the care and attention to detail that might be expected,

3

nothing suggests that incorrect information was included in the affidavit knowingly and intentionally or with a reckless disregard for the truth. See United States v. Rivera-Rosario, 2002 WL 1772934, Nos. 00-1545, 00-1546, 00-1575, 00-1577, 00-1700, slip op. at 37 (1st Cir. Aug. 7, 2002) (providing standard for Franks hearing); United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (same). In addition, even if the part of the affidavit pertaining to surveillance of the apartment were disregarded, the remaining parts of the affidavit are sufficient to establish probable cause. See id.

Therefore, Santana did not make the strong preliminary showing necessary to warrant a full Franks hearing. See, e.g., United States v. Manning, 79 F.3d 212, 220 n.6 (1st Cir. 1996). Further, Santana had an opportunity at the hearing to present his evidence that the affidavit was invalid. His counsel indicated that he had no additional evidence to present. Therefore, Santana's motion to suppress based on the mistakes in Quinn's affidavit is denied.

C. Probable Cause

An application for a wiretap under 18 U.S.C. § 2518 may be granted if the judge determines "on the basis of the facts submitted by the applicant, that there is probable cause to

4

believe (1) that an individual was committing, had committed, or is about to commit a crime; (2) that communications concerning that crime will be obtained through the wiretap; and (3) that the premises to be wiretapped were being used for criminal purposes or are about to be used or [are] owned by the target of the wiretap." United States v. Diaz, 176 F.3d 52, 110 (2d Cir. 1999) (paraphrasing §§ 2518(1)(b)(i), (3)(a), (b), (d)).

The standard for probable cause for purposes of § 2518 is the same as for a search warrant, and "probable cause for a search warrant is established if the 'totality of the circumstances' indicate a probability of criminal activity." Id. (quoting Illinois v. Gates, 462 U.S. 213 (1983)). See also United States v. Barnard, 2002 WL 1827285, at *2 (1st Cir. Aug. 4, 2002) ("Under the 'probable cause' standard, the 'totality of the circumstances' disclosed in the supporting affidavits must demonstrate 'a fair probability that contraband or evidence of a crime will be found in a particular place." ); United States v. Genao, 281 F.3d 305, 308 (1st Cir. 2002) (same). In addition, the issuing judge's determination of probable cause is entitled to great deference and will be reversed only if there is no substantial basis for the determination. See United States v. Procopio, 88 F.3d 21, 25 (1st Cir. 1996) (citing Gates, 462 U.S. at 238-39).

The court has carefully reviewed the affidavit in light of Santana's challenges to the existence of probable cause. The court is satisfied that the affidavit sufficiently presented facts showing probable cause to believe that Santana was committing, had committed, or was about to commit the listed drug related crimes and that communications concerning those crimes would be obtained through the requested wiretap of the target telephone subscribed to Alfred Nickerson. Therefore, the motion to suppress is denied on the issue of the existence of probable cause.

D. Necessity

"[A] wiretap application [must] include 'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" United States v. Lopez, 2002 WL 1880282, No. 01-1390, slip op. at 4 (1st Cir. Aug. 20, 2002) (quoting United States v. Hoffman, 832 F.2d 1299, 1306 (1st Cir. 1987) quoting 18 U.S.C. § 2518(1)(c)). The necessity requirement restricts wiretapping to situations where traditional investigative techniques are not sufficient to expose the criminal activity. See Rivera-Rosario, 2002 WL 1772934, slip op. at 34 (citing United States v. Kahn, 415 U.S. 143, 153 n.12

6

(1974)).

The necessity requirement, however, does not require the government to exhaust all traditional investigative techniques. See id. at 34-35. Instead, the government affidavit need only show that the government made a reasonable good faith effort to use traditional techniques and a reasonable likelihood that such procedures would not be sufficient. See id.; see also United States v. Ashley, 876 F.2d 1069, 1072 (1st Cir. 1989). On review of an authorization of a wiretap application in the context of a suppression motion, the district court is to uphold the authorization if "the issuing court could have reasonably concluded that normal investigatory procedures appeared to be unlikely to succeed." Id. at 1074.

Quinn's affidavit submitted in support of the wiretap application discussed the government's investigative techniques in detail. Quinn stated that no confidential informants or agents had been able to make drug purchases from Nickerson or Santana despite information that they had been engaged in drug trafficking since the mid to late 1980s. He stated that there were then no informants who could make a controlled buy. Quinn stated that the government had used physical surveillance with limited success and that further surveillance was not expected to provide additional information and was likely to be detected. He

7

also explained that a grand jury investigation, interviews of the subjects and their associates, search warrants, and garbage searches would be ineffective in the investigation. He stated that pen register information and telephone tolls had been used to verify telephone calls but could not identify the parties participating in the calls. As such, the affidavit presented a sufficient basis on which the issuing judge could have concluded that further traditional techniques would not be likely to succeed. See, e.g., Lopez, 2002 WL 1880282, slip op. at 5; Rivera-Rosario, 2002 WL 1772934, slip op. at 35-36.

## Conclusion

For the foregoing reasons, the defendant's motion to suppress (document no. 28) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 6, 2002

cc:  Bjorn R. Lange, Esquire
     Mark A. Irish, Esquire
     U.S. Probation
     U.S. Marshal