**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4609**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAMON BRIGHTMAN,

Defendant - Appellant.

**No. 05-4612**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD VANDERHORST,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Charleston. Sol Blatt, Jr., Senior District Judge. (CR-03-627)

Submitted: August 27, 2007          Decided: September 5, 2007

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael S. Seekings, John F. Martin, Charleston, South Carolina, for Appellants.  Reginald I. Lloyd, United States Attorney, Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

PER CURIAM:

In February and March of 2001, the Drug Enforcement Administration obtained orders authorizing wiretaps of two phones used by subjects suspected of distributing cocaine in the North Charleston, South Carolina area. The intercepted communications demonstrated Appellants Damon Brightman and Donald Vanderhorst's involvement in the cocaine distribution, and they were each charged with one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1) (2000). Prior to trial, Brightman moved to suppress the second wiretap. The district court denied the motion to suppress.

During the course of Brightman and Vanderhorst's trial, a letter was discovered being passed between two witnesses housed in the detention center. Appellants maintain the letter reflects that the Government offered favorable treatment to those who would testify against the Appellants. The district court denied the Appellants' request to admit the letter.

At the conclusion of the trial, the jury returned a guilty verdict against the Appellants. Brightman alleges that as the jury was returning its verdict he recognized one of the jurors as a former classmate of his. After his trial, Brightman filed a pro se motion for a new trial based on potential juror bias. The district court denied the motion. The court held a reconsideration

- 3 -

hearing during which Brightman offered no evidence, outside of his own allegations, to support his position. The court again denied the motion. At sentencing, Brightman reasserted his claim. The Government called Agent Driggers, who testified that he interviewed the juror and that the juror denied knowing Brightman. The district court again rejected Brightman's argument.

Brightman was ultimately sentenced to life imprisonment under 21 U.S.C. §§ 841(b)(1)(A)(iii), 851 (2000), based on the instant offense and two prior offenses from 1994 and 1995 that were combined into a single plea agreement in 1995. Appellants timely noted their appeal. For the reasons that follow, we affirm the judgment of the district court.

Brightman first argues that the district court erred in denying his motion to suppress evidence obtained from the wiretaps. According to Brightman, the Government failed to satisfy the requirement in 18 U.S.C. § 2518(1)(c) (2000) that it show that other investigation procedures have been tried and failed or would be unlikely to succeed.

This court reviews for clear error the factual findings underlying a district court's ruling on a motion to suppress and reviews a district court's legal conclusions de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007). Additionally, a district court's determination under 18 U.S.C. § 2518(3)(c) (2000) that normal investigative procedures have been tried and

failed, or reasonably appear unlikely to succeed if tried, is reviewed for abuse of discretion. <u>Wilson</u>, 484 F.3d at 280. This court has stated that the burden placed on the Government to show that other investigative techniques have failed or would fail is not great. <u>United States v. Smith</u>, 31 F.3d 1294, 1297 (4th Cir. 1994). The Government must present specific factual information "sufficient to establish that it has encountered difficulties in penetrating the criminal enterprise or in gathering evidence to the point where wiretapping becomes reasonable." <u>Id</u>. at 1298 (quoting <u>United States v. Ashley</u>, 876 F.2d 1069, 1072 (1st Cir. 1989)) (internal quotations omitted).

The Government has met its burden in this case. Both affidavits detailed how law enforcement had conducted surveillance of the wiretap targets and that further surveillance was unlikely to yield necessary information. Also, due to the nature of the drug distribution conspiracy, other investigative techniques such as grand jury subpoenas, confidential sources, search warrants, telephone billing records, and pen register devices would not have yielded the same valuable information regarding drug deals that could be obtained with a wiretap. Accordingly, the district court did not abuse its discretion in authorizing the wiretaps or err in denying Brightman's motion to suppress.[*]

---

[*]At the suppression hearing, Brightman only challenged the affidavit supporting the second wiretap. Accordingly, to the extent that he challenges the first wiretap on appeal, his claim is

Brightman next contends that the district court erred in not granting him a new trial after being presented with evidence that the jury was tainted because one of the jurors was a former classmate of his.

In reviewing issues of juror misconduct, this court reviews historical facts for clear error and conclusions of law de novo. United States v. Cheek, 94 F.3d 136, 140 (4th Cir. 1996). Also, "because the ultimate factual determination regarding the impartiality of the jury necessarily depends on legal conclusions, it is reviewed in light of all the evidence under a somewhat narrowed, modified abuse of discretion standard." Id. (quoting Haley v. Blue Ridge Transfer Co., 802 F.2d 1532, 1537-39 nn. 11-12 (4th Cir. 1986)) (internal quotations omitted).

Brightman first raised his claim of potential juror bias in a pro se motion following his trial. Accordingly, he has waived his right to a new trial based on this claim. See United States v. Breit, 712 F.2d 81, 82 (4th Cir. 1983). Moreover, even if Brightman had not waived his claim for a new trial, the record does not support his claim that the juror knew him or recognized him during his trial. Similarly, Brightman's argument that the

reviewed for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Brightman must first demonstrate that there was, in fact, error. Id. Brightman fails to make such a showing as the affidavit supporting the first wiretap, like the affidavit supporting the second, met the requirements of 18 U.S.C. § 2518(1)(c).

district court "refused to entertain any significant airing of the historical facts" underlying his claim of juror bias and, therefore, abused its discretion, is not supported by the record.

Brightman's third claim on appeal is that his enhanced sentence was fundamentally unfair and offensive to due process. On October 26, 1995, pursuant to a plea agreement, Brightman pled guilty to two counts of possession with intent to distribute cocaine. The dates of offense for these two prior offenses were July 7, 1994, and August 12, 1995, respectively. Based on Brightman's prior offenses, the Government filed a notice of enhancement pursuant to 21 U.S.C. § 851. Following Brightman's conviction, the district court imposed the mandatory minimum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii). On appeal, Brightman claims that, because the 1994 and 1995 offenses were combined into a single plea agreement, he has only one prior conviction for purposes of § 841(b)(1)(A)(iii).

Section 841(b)(1)(A) states in relevant part that if any person commits a violation of § 841 "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A). This court has already held that "prior" or "previous" convictions, as used in § 841, refers to separate criminal episodes and not separate convictions arising out of a single transaction. United States v.

<u>Blackwood</u>, 913 F.2d 139, 145-46 (4th Cir. 1990).  Brightman does not argue that his two underlying offenses were part of a single act of criminality, nor would the facts support such an argument. Brightman's two offenses resulted from two separate episodes of criminality, and the district court did not err in enhancing Brightman's sentence accordingly.  <u>See</u> <u>United States v. Ford</u>, 88 F.3d 1350, 1365-66 (4th Cir. 1996).

Finally, Brightman and Vanderhorst contend that the district court erred in failing to admit a letter or testimony regarding a letter, found in the detention center, in which the Government solicited witnesses to testify against the Appellants. "A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion."  <u>United States v. Moore</u>, 27 F.3d 969, 974 (4th Cir. 1994).  No evidence exists in the record to demonstrate that Appellants authenticated or even attempted to authenticate the letter found in the detention center.  Therefore, the district court did not abuse its discretion in refusing to admit it.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>