**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5260**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TERRY DEMOND CUNNINGHAM,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Margaret B. Seymour, Chief
District Judge.  (3:08-cr-00946-MBS-4)

Submitted:  January 31, 2012         Decided:  February 23, 2012

Before GREGORY, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy Ward Murphy, KOLB & MURPHY, ATTORNEYS AT LAW, PLLC,
Sumter, South Carolina, for Appellant.  John David Rowell,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Demond Cunningham was convicted after a jury trial of conspiracy to possess with intent to distribute and to distribute five or more kilograms of cocaine and fifty or more grams of cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 846 (West 1999 & Supp. 2011), and use of a communication facility to facilitate the commission of a drug trafficking offense, in violation of 21 U.S.C. § 843(b), 18 U.S.C. § 2 (2006). The district court sentenced Cunningham to a total of 240 months' imprisonment. The court also imposed ten years of supervised release and a $200 assessment and ordered the forfeiture of an automobile that was derived from the proceeds of the offenses. Cunningham's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but challenging the district court's determination that Cunningham breached the proffer agreement, the denial of Cunningham's motion to suppress wiretap evidence, the sufficiency of the evidence, and the reasonableness of the sentence.

Cunningham filed a pro se supplemental brief asserting that the district court erred by denying his request for a jury charge on multiple conspiracies and raising numerous challenges to the effectiveness of counsel. Pursuant to our obligation

2

under Anders, we have reviewed the entire record for any meritorious issue for appeal. Finding no reversible error, we affirm.

Counsel first contends that the district court erred in finding Cunningham in breach of the proffer agreement. Cunningham asserted that he was given only the last page of the agreement and told by his attorney that if he signed the document, the government would not oppose his release on bond and that he would receive a lesser sentence. Cunningham asserted that his obligations under the agreement were not explained to him and that he did not see the entirety of the document until nearly six months later, and after his initial debriefing by the government.

Cunningham's former counsel testified at the hearing pursuant to Cunningham's waiver of the attorney-client privilege, and informed the court that he had thoroughly reviewed the entire agreement with Cunningham before Cunningham signed it, that Cunningham knew the contents and his obligations under the agreement, and also was informed that the agreement did not provide for a lesser sentence.

After hearing all the evidence, the court granted the government's motion to hold Cunningham in breach of the agreement. We find no clear error in the district court's credibility determination or factual findings and no error in

3

its legal conclusions that Cunningham breached the proffer agreement and that his statements could thus be used against him.  See United States v. Lopez, 219 F.3d 343, 346 (4th Cir. 2000); United States v. Seeright, 978 F.2d 842, 846 (4th Cir. 1992).

Next, counsel contends that the district court erred in denying Cunningham's motion to suppress the wiretap evidence. Cunningham argued that the government failed to meet its burden of showing that traditional investigative techniques were likely to be wholly unsuccessful.  The purpose of 18 U.S.C. § 2518(1)(c), (3)(c) (2006), is to make sure that "the relatively intrusive device of wiretapping is neither routinely employed as the initial step in criminal investigation . . . nor resorted to in situations where traditional techniques would suffice to expose the crime."  United States v. Smith, 31 F.3d 1294, 1297 (4th Cir. 1994) (quoting United States v. Giordano, 416 U.S. 505, 515 (1974), and United States v. Kahn, 415 U.S. 143, 153 n.12 (1974)) (internal quotations omitted).  However, the burden on the government to show that other investigative techniques have failed or would fail is not great.  Smith, 31 F.3d at 1297.  The government need not show that other methods have been wholly unsuccessful or that it has exhausted all possible alternatives.  Id. at 1298.  Rather, the government must present specific factual information "sufficient to

4

establish that it has encountered difficulties in penetrating the criminal enterprise or in gathering evidence to the point where wiretapping becomes reasonable." Id. at 1298 (quoting United States v. Ashley, 876 F.2d 1069, 1072 (1st Cir. 1989)) (internal quotations omitted).

We have reviewed the transcript of the hearing on this issue and the evidence submitted, and conclude that the district court did not abuse its discretion in determining that the government met this burden. See United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007). We further find no error in the district court's order upholding the wiretap authorization and admitting the evidence. Id. (providing standard of review).

Cunningham next argues that the evidence was insufficient to support the jury's verdict. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the

5

prosecution's failure is clear." Id. (internal quotation marks and citation omitted); United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

After reviewing the evidence presented during Cunningham's trial, we conclude that the evidence, viewed in the light most favorable to the government, established the existence of an agreement between two or more persons to distribute and possess cocaine and cocaine base with the intent to distribute, that Cunningham knew of the conspiracy and that he knowingly and voluntarily became a part of the conspiracy. See United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008); United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

Additionally, the evidence was sufficient to prove that Cunningham knowingly and intentionally used the telephone to facilitate or to commit a drug trafficking crime. See United States v. Pratt, 351 F.3d 131, 138 (4th Cir. 2003) (finding evidence sufficient where phone call was used to set the final time for drug transaction); United States v. Lozano, 839 F.2d 1020, 1023 (4th Cir. 1988) (upholding conviction when phone call was used to announce defendant's arrival in Virginia to handle problem related to cocaine).

In his pro se brief, Cunningham argues that the district court erred by denying his request for a jury charge on

6

multiple conspiracies. "A multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the appellant was] involved <u>only</u> in separate conspiracies unrelated to the overall conspiracy charged in the indictment." <u>United States v. Squillacote</u>, 221 F.3d 542, 574 (4th Cir. 2000) (internal quotation marks and citation omitted) (emphasis in original). The evidence showed that there existed one overall conspiracy and that Cunningham was a member of that conspiracy. The conspiracy had a single general business venture for the purpose of selling cocaine and crack for profit in roughly the same geographic area, the key members of the conspiracy were the same, and the members used common methods for arranging for drug transactions.

Moreover, because it is not necessary that all persons in a conspiracy know all the other actors and the scope of the conspiracy, the district court properly found that the evidence did not require a multiple conspiracies charge. <u>Id.</u>; <u>Pratt</u>, 351 F.3d at 140 (trial evidence is sufficient to establish a single conspiracy where the conspirators are shown to share the same objectives, the same methods, the same geographic spread, and the same results). Accordingly, we affirm Cunningham's convictions.

We have reviewed Cunningham's sentence and find that it was properly calculated and that the sentence imposed was

7

reasonable.  See <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007); see <u>United States v. Llamas</u>, 599 F.3d 381, 387 (4th Cir. 2010). The district court properly calculated the advisory Guidelines range, appropriately treated the Sentencing Guidelines as advisory, considered the applicable Guidelines range and the arguments of counsel, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors.

While the district court stated its consideration of the § 3553(a) factors, it did not expound upon them or in any way state how each of the factors applied specifically in Cunningham's case.  However, under the circumstances of this case, the explanation is sufficient and we conclude that the sentence is procedurally reasonable.  See <u>Rita v. United States</u>, 551 U.S. 338, 359 (2007) ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.").  We conclude that the district court did not abuse its discretion in imposing the chosen sentence, which was the 240-month mandatory minimum sentence for the counts of conviction.  See <u>Gall</u>, 552 U.S. at 41; <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In his pro se brief, Cunningham asserts that his attorney failed to challenge the drug quantity, advised him to stipulate to the quantity of cocaine and to his prior conviction, and advised him to waive the attorney-client privilege and allow his former attorney to testify during the breach of the proffer agreement hearing. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), in order to promote sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record before us does not conclusively establish that Cunningham's attorneys were ineffective, we decline to consider these claims on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Cunningham, in writing, of the right to petition the Supreme Court of the United States for further review. If Cunningham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

9

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cunningham. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>